[Cite as *In re C.J.*, 2017-Ohio-4198.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE:                                              :

    C.J.                                          :          Appellate Case No. 27398

                                           :          Trial Court Case No. 2016-4836

                                           :          (Juvenile Appeal from
                                           :           Common Pleas Court)

. . . . . . . . . .

O P I N I O N

Rendered on the 9th day of June, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5TH Floor, Dayton, Ohio 45402
      Attorney for Appellee

CHARLYN BOHLAND, Atty. Reg. No. 0088080, 250 East Broad Street, Suite 1400, Columbus, Ohio, 43215
      Attorney for Appellant

. . . . . . . . . . . .

HALL, P.J.

**{¶ 1}** C.J. was adjudicated as delinquent for committing the offenses, if committed by an adult, of aggravated robbery and aggravated burglary, each with a firearm specification. C.J. admitted the allegations and was adjudicated delinquent. The juvenile court committed C.J. to DYS for a minimum of one year and a maximum not to exceed age 21 for the aggravated robbery, to be served consecutively to a three-year firearm specification, and a minimum of one year not to exceed age 21 for the aggravated burglary, to be served consecutively to the first offense. The Court's November 1, 2016 Final Appealable Order did not address the aggravated burglary firearm specification although the court noted at the disposition hearing that the firearm specifications merge and the court could not impose an additional specification commitment. (Doc. # 9)

**{¶ 2}** The offenses stem from an incident which occurred on July 25, 2016 where three young men, including C.J., entered the home of an acquaintance of one of them by asking for a drink and, once inside, they robbed the occupant at gunpoint. In the September 27, 2016 Judge's Order finding probable cause, the trial court found "[t]he offenses as alleged in the complaint includes a firearm specification; however the youth [C.J.] did not actually have possession of the gun." (Doc. # 10) At the dispositional hearing the juvenile court found C.J. was not the leader or principal offender and that he was not in possession of the weapon. (Transcript of Proceedings, November 1, 2016, at 87-89)

**{¶ 3}** Appellant's first assignment of error challenges the three-year firearm specification sentence as being contrary to the one-year limit on a juvenile firearm specification found in R.C. 2152.17(B). The second assignment of error asserts that C.J's trial counsel was ineffective for failing to object to the imposition of the three-year firearm

specification. The State concedes error with respect to the first assignment of error. We agree.

{¶ 4} R.C. 2152.17(B) provides:

[I]f the court determines that the child is complicit in another person's conduct that is of such a nature that the other person would be guilty of a [firearm] specification * * * and if the child did not furnish, use, or dispose of any firearm that was involved with the underlying delinquent act or with the other person's specification-related conduct,* * * the court may commit the child to the department of youth services for the specification for a definite period of not more than one year* * * *.

On this record there is no evidence that C.J. furnished, used or disposed of any firearm. The findings of the trial court are actually to the contrary. Accordingly, it was error for the court to impose a DYS commitment for three years for the firearm specification and that part of the sentence is reversed.

{¶ 5} Because our resolution of the first assignment of error is dispositive of this appeal, the second assignment of error is moot.

{¶ 6} The first assignment of error is sustained. The firearm specification portion of the sentence is reversed and this case is remanded for resentencing on that specification consistent with this opinion.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Michael J. Scarpelli
Charlyn Bohland
Hon. Anthony Capizzi